CROSS CO. *et al. v.* UNITED STATES (No. 1618).[1]

1. PLEADING—PROTEST—MULTIFARIOUSNESS.

The board of general appraisers may not, *sua sponte,* dismiss a protest for multifariousness.

2. CONSTRUCTION, PARAGRAPH 167, TARIFF ACT OF 1913—" PLATED."

The last clause of paragraph 167, tariff act of 1913, taxing articles or wares of certain metals when not plated with gold or silver, excludes from its operation not only such articles as are entirely plated but also such as have a substantial portion of their surfaces plated, and relegates them to the provision in the same paragraph for articles or wares plated with gold or silver.

3. GOLD OR SILVER PLATED HAND BAG OR PURSE FRAMES, HOW DUTIABLE.

Hand bag or purse frames with a substantial portion of their surfaces plated with gold or silver are dutiable under the first clause of paragraph 167, tariff act of 1913, as " articles or wares plated with gold or silver " at 30 per cent ad valorem, and not under the last clause as metal articles not plated with gold or silver at 20 per cent ad valorem.

*4. WARES IN CHIEF VALUE OF GLASS, WITH GOLD OR SILVER PLATED TRIMMING, HOW DUTIABLE.

Penholder racks or stands in chief value of glass, with gold or silver plated metal rims, are dutiable as manufactures of glass, under paragraph 95, tariff act of 1913, and not as gold or silver plated metal articles under paragraph 167.

United States Court of Customs Appeals, March 28, 1916.

APPEAL from Board of United States General Appraisers, G. A. 7761 (T. D. 35608).

[Modified.]

*Walden & Webster (Henry J. Webster of counsel)* for appellants.

*Bert Hanson,* Assistant Attorney General (*Thomas J. Doherty,* special attorney, of counsel), for the United States.

[Oral argument Feb. 16, 1916, by Mr. Webster and Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

This case presented issues under three protests, 756830, 761249, and 760046. The first two of these protests were declared insufficient

---

[1] Reported in T. D. 36308 (30 Treas. Dec., 583).

* It appearing that the protest made no claim under paragraph 95, the order of the board overruling it was affirmed by order of the court made May 23, 1916.

by the board on the ground that each was multifarious. Inasmuch, however, as it now appears that the importers were mistaken in supposing that the articles involved in 756830 were imported, the evidence showing that they were in fact short in the shipment and not received in the commerce of the country, no discussion of that protest is required.

As to protest No. 761249, it is claimed by the Government that this is invalid because of multifariousness. We find, however, upon examination of the record that no such point was made before the board, and it appears that the board was under a misapprehension as to the state of the record in that respect, for, after deciding that in their view protest 761249 should be overruled on the ground that it was multifarious and insufficient, they say, "there does not, however, appear to be any objection raised concerning the sufficiency of protest No. 760046," and then proceed to consider this protest upon the merits.

It is now pointed out that the record in protest 761249 was in the same condition; that no objection to the protest was made by the Government, and that the return of the collector indicates that the issue sought to be here litigated was sufficiently presented to enable him to make proper return. The question is therefore presented whether under these circumstances the board should have, without objection, dismissed the case for multifariousness.

We had before us in Fuld v. United States (4 Ct. Cust. Appls., 234; T. D. 33476) the question of whether the objection for multifariousness could be waived. In that case return had been made by the collector, the case submitted to the board and decided, and on appeal to this court the Government for the first time raised the question of the sufficiency of the protest, claiming it to be invalid for multifariousness. The court held that the objection for multifariousness was one that did not go to the jurisdiction of the subject matter, and that the court would not " sua sponte or on a complaint first made to the appellate tribunal review a decision which relates to the form of a pleading which appears to have been good enough to enable all parties to act upon it intelligently."

The only distinction between that case and this is that the board there failed to hold the protest insufficient, while in this case it assumed to do so (evidently under a misapprehension) when there had been no objection and the case had been submitted for decision on the protest and return of the officer, and upon testimony. We think it is no more open to the board to act sua sponte under these circumstances than it was for this court to do so in United States v. Fuld.

We come, therefore, to a consideration of the case upon its merits. First taking up protest 760046, the merchandise in that case consists of metal frames for hand bags, on some of which the knobs or catches, as well as the rings and clasps, are plated with gold or silver, as are the lower portions where the hinges are located. These were assessed as plated articles under paragraph 167 of the act of 1913, which reads as follows:

167. Articles or wares not specially provided for in this section; if composed wholly or in part of platinum, gold, or silver, and articles or wares plated with gold or silver, and whether partly or wholly manufactured, 50 per centum ad valorem; if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with gold or silver, and whether partly or wholly manufactured, 20 per centum ad valorem.

As to the extent of the plating, it appears that these frames are imported for use in making silk purses. When used for this purpose, all the exposed portion of the frame is plated. The contention of the importer is that the article is plated in but a small portion of its surface, and that the provisions of paragraph 167 do not cover such an article.

We are dealing now with a metal article exclusively, and paragraph 167, as it applies to metal articles, first covers " articles or wares plated with gold or silver." Secondly, it provides for metal articles of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, " but not plated with gold or silver," at the lower rate of 20 per cent. In determining, therefore, the classification of a metal article, it must be kept in mind that the purpose of the latter clause of this paragraph is to fix the rate of duty for such metal articles and that the intent is clear to exclude from them any such metal article plated with gold or silver. In order to exclude metal from the latter portion of this paragraph, and fix its status as dutiable under the former portion, it is not necessary to show that the whole surface is plated or that any particular percentage of the surface is plated. It is enough that there is a substantial portion of the article plated. See on this point T. D. 25599 and cases cited. We think, therefore, that the board was right in holding that these bag frames were dutiable as assessed.

The articles covered by protest 761249 consist of penholder racks or stands made of glass, about 4 inches high and 2 inches square at the bottom and 1 inch square at the top, composed entirely of glass, except for a gold or silver plated metal rim about 1½ inches square, and one-fourth inch wide at the top. We think a different view should be taken of this importation. We have here a metal rim which is applied to a glass holder, the glass being of chief value.

The metal article itself would of course if imported separately be dutiable at the rate fixed by paragraph 167, but it is only a part and a relatively small part of the importation as it comes into the commerce of the country. The article as imported can hardly be said to be a plated article. It has a small portion of its surface to which a plated article has been attached, but this is of minor value. The component of chief value is glass, and we think the glass stands in question here properly dutiable under paragraph 95.

The decision is *modified* accordingly.