SAJI & KARIYA CO. ET AL. *v.* UNITED STATES (No. 1907).[1]

1. CONSTRUCTION, PARAGRAPH 167, TARIFF ACT OF 1913—"PLATED."

   To meet the requirement of the word "plated" in paragraph 167, tariff act of 1913, it is not necessary that an article be wholly covered with gold or silver, nor can any hard and fast mathematical line of distinction be drawn in the application of the provision. The classification includes all such metallic articles as have a substantial portion of their surface, that is to say, more than an insignificant or negligible portion, covered with gold or silver.—Cross Co. *v.* United States (7 Ct. Cust. Appls., 43; T. D. 36308).

2. CONSTRUCTION, SECTION 2652, REVISED STATUTES.

   Section 2652, Revised Statutes, directing customs officers to carry out the instructions of the Secretary of the Treasury confers no rights upon an appellant from a collector's liquidation.

3. TREASURY REGULATION, VALIDITY OF.

   The Treasury Department has no authority to engraft upon a statute a term or limitation not placed there by Congress.

4. COLLECTOR'S LIQUIDATION, SCOPE AND EFFECT OF.

   The collector, not the Secretary of the Treasury, is the liquidating officer, and paragraph N of section 3, tariff act of 1913, makes the collector's decision final and conclusive unless or until appealed from according to law. This is true, even though the collector's decision may violate the direction of the Secretary.

---

[1] T. D. 37945 (36 Treas. Dec., 222).

5. CLOISONNÉ VASES DECORATED WITH GOLD OR SILVER PLATING.

　Cloisonné vases of beautiful and artistic appearance, their value being materially enhanced by the plating with gold or silver of certain ornamental and artistic parts and decorations are "plated with gold or silver" under paragraph 167, tariff act of 1913, notwithstanding that only about 10 per cent of their surfaces are plated, and notwithstanding the violation by the collector of customs of the instructions of the Secretary of the Treasury that articles, to be classified as plated under the paragraph, must have at least 15 per cent of the exposed surface plated.

## United States Court of Customs Appeals, February 25, 1919.

APPEAL from Board of United States General Appraisers, G. A. 8128 (T. D. 37504). [Affirmed.]

　*Frank L. Lawrence* (*Thomas M. Lane* of counsel) for appellants.

　*Bert Hanson,* Assistant Attorney General (*Frank P. Wilson,* special attorney, of counsel), for the United States.

[Oral argument Jan. 16, 1919, by Mr. Lane and Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise involved in this case consists of vases composed of cloisonné ware.

The collector classified them as articles composed in chief value of copper, plated with gold or silver, dutiable at the rate of 50 per cent ad valorem, under the provisions of paragraph 167, tariff act of 1913, and assessed duty accordingly.

The paragraph in question reads as follows:

167. Articles or wares not specially provided for in this section; if composed wholly or in part of platinum, gold, or silver, and articles or wares plated with gold or silver, and whether partly or wholly manufactured, 50 per centum ad valorem; if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with gold or silver, and whether partly or wholly manufactured, 20 per centum ad valorem.

The importers protested against the assessment, claiming the vases to be dutiable at only 20 per cent ad valorem, under the same paragraph, as articles composed in chief value of copper, not plated with gold or silver.

The Board of General Appraisers overruled the protest, and the importers appeal.

The primary question of classification therefore depends upon whether the imported vases are or are not plated with gold or silver. There is but little testimony in the record, and the underlying facts are practically conceded by the parties.

There are three exhibits before the court which are illustrative of the merchandise. Two of these are small in size, being slightly less than 4 inches in height, with rounded bodies of proportionate sizes. The body or underlying frame of each article is composed of copper, this being also the component material of chief value. The exposed surface of each vase consists of a metallic base upon which it stands,

circular metal lips at the top, and a body or bowl between, this being covered with an ornamental vitreous enamel. The metallic lips and base of each vase are plated with silver, and this plating covers about 10 per cent of the entire visible surface of each article.

The third vase is larger in size than those just described. It is about 6 inches in height, with larger bowl, and with three projections upon the bottom which serve as feet. In this instance also the body of the article is composed of copper, this again being the component material of chief value. The bowl of the vase, like those above described, is covered with a vitreous enamel in ornamental designs of various colors, through which slender metallic wires are woven in spiral figures. About 10 per cent of the external surface of the vase is covered with a plating of gold, this including the 3 feet upon which the vase stands, the spiral wires just described, and a part of the open circular lips of the article.

We think that these conceded characteristics of the vases in question properly place them within the classification of articles composed in chief value of copper, plated with gold or silver, within the purview of paragraph 167, supra. It is plain that the vases are designed chiefly for ornamental purposes, consequently their beautiful and artistic appearance is a factor which greatly conduces to their value. This is materially enhanced by the gold or silver plating which ornaments prominent and important parts of their exposed and visible surface. The plating of gold or silver which thus adorns them constitutes more than an insignificant or negligible element in their construction. It is a substantial and even important part of the articles themselves. It is not necessary that an article be wholly covered with gold or silver plating in order to bring it within the classification of plated articles under the provision now in question, nor can any hard and fast mathematical line of distinction be drawn in the application of the provision. The classification includes all such metallic articles as have a substantial portion of their surface, that is to say, more than an insignificant or negligible portion, covered by a plating of gold or silver.

This interpretation of the statute follows that which was adopted by this court in the case of Cross Co. v. United States (7 Ct. Cust. Appls., 43-45; T. D. 36308). The merchandise then in question was certain metal frames for hand bags, on some of which knobs or catches as well as the rings and clasps were plated with gold or silver, as were also the lower portions where the hinges were located. In deciding the issue the court, Montgomery, Presiding Judge, speaking, said:

As to the extent of the plating, it appears that these frames are imported for use in making silk purses. When used for this purpose, all the exposed portion of the frame is plated. The contention of the importer is that the article is plated in but a small

portion of its surface, and that the provisions of paragraph 167 do not cover such an article.

We are dealing now with a metal article exclusively, and paragraph 167, as it applies to metal articles, first covers "articles or wares plated with gold or silver." Secondly, it provides for metal articles of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, "but not plated with gold or silver," at the lower rate of 20 per cent. In determining, therefore, the classification of a metal article, it must be kept in mind that the purpose of the latter clause of this paragraph is to fix the rate of duty for such metal articles and that the intent is clear to exclude from them any such metal article plated with gold or silver. In order to exclude metal from the latter portion of this paragraph, and fix its status as dutiable under the former portion, it is not necessary to show that the whole surface is plated or that any particular percentage of the surface is plated. It is enough that there is a substantial portion of the article plated. See on this point T. D. 25599 and cases cited. We think, therefore, that the board was right in holding that these bag frames were dutiable as assessed.

It is clear that the phrase "substantial portion of the article," used in the foregoing decision, signifies such a portion, all things considered, as is not insignificant or negligible in the construction of the article itself. This view is exemplified by the citation of T. D. 25599 contained in the decision. The case thus referred to as an authority is that of Adolf Fricks, wherein the board, through Judge De Vries, held that certain cloth approximately 16 to 20 inches in width, composed of unbleached cotton threads with the exception of a single colored thread running near the edge of two sides of the fabric, was within the classification of colored cloth contained in paragraphs 304 to 309, inclusive, of the tariff act of 1897. See T. D. 25599 and cases therein cited; also Farwell *v.* Seeberger (40. Fed., 529), affirmed in Seeberger *v.* Farwell (139 U. S., 608).

Therefore in so far as the primary question of classification in this case is concerned we agree with the board's decision that the vases in question are plated with gold or silver. This, however, brings us to the consideration of another question, which the importers present with vigor in their brief.

On February 13, 1914, in T. D. 34182, the Secretary of the Treasury in a letter to the collector of customs at New York, in answer to an inquiry relative to the proper classification of lamps, lanterns, brackets, and chandeliers plated in part upon the exposed surface with gold or silver, promulgated the following instructions:

Following the principle underlying the decision cited, the department is of the opinion that, if a substantial portion of the exposed surface of articles or wares is plated with gold or silver, they are properly dutiable at the rate of 50 per cent ad valorem under paragraph 167 of the tariff act, and you are accordingly directed to assess duty upon articles or wares of the character described at the rate of 50 per cent ad valorem where 25 per cent or over of the exposed surface is plated with gold or silver.

Afterwards, on June 13, 1916, in T. D. 36496, the Cross case, supra, having been in the meantime decided by this court, the Sec-

retary of the Treasury again issued instructions upon the subject as follows:

With respect to the proportion of plating required in the above, T. D. 36308, the United States Court of Customs Appeals stated, with respect to certain hand bags or purse frames, that it was "enough that there is a substantial portion of the article plated" to bring them within the provision for plated articles in paragraph 167, and for this purpose you have been previously advised that you should consider 25 per cent or more of the exposed surface of the article as sufficient plating to bring it within the said provision for articles plated with gold or silver, in accordance with the last paragraph of T. D. 34182.

Afterwards, on April 18, 1917, in T. D. 37126, the Secretary of the Treasury modified the foregoing ruling in detail, in an instruction directed to the collector of customs at Los Angeles, as follows:

You state that the cloisonne ware in question is in chief value of metal, with a portion of it, about 10 per cent, silver plated, but that the plated part in no instance amounts to 25 per cent of the exposed surface. You call attention to the decision of the Court of Customs Appeals in T. D. 36308, where it is stated that—

It is not necessary to show that the whole surface is plated, or that any particular percentage of the surface is plated. It is enough that there is a substantial portion of the article plated.

The department fully concurs in this statement of the court as an interpretation of the law, but, for the purposes of uniform administration, it would seem necessary to have a dividing line, and this was fixed by the department at 25 per cent of the exposed surface of the article. (T. D. 36496 of June 13, 1916.)

On a further consideration of the matter the department is of the opinion that a holding that when 15 per cent or more of the exposed surface of the article is plated with gold or silver it is sufficient to bring it within the provision for plated articles, would be well within the principle laid down by the court that it is enough that there is a substantial portion of the article plated.

You will, therefore, assess duty on cloisonné ware when 15 per cent or more of the exposed surface is plated with gold or silver at 50 per cent ad valorem under paragraph 167 of the tariff act of 1913. If less than 15 per cent of the exposed surface of the article is plated with gold or silver and the article is in chief value of metal other than gold or silver or platinum, you will assess duty thereon at the rate of 20 per cent ad valorem under paragraph 167.

It will be remembered that the vases now in question do not in fact have as much as 15 per cent of their exposed surface covered by a plating of gold or silver, and consequently if the ruling of the Secretary of the Treasury last above set out had prevailed in the present assessment, the articles would not have been assessed under the classification of articles plated with gold or silver. The importers in view of this situation cite the court to section 2652, Revised Statutes, which reads as follows:

SEC. 2652. It shall be the duty of all officers of the customs to execute and carry into effect all instructions of the Secretary of the Treasury relative to the execution of the revenue laws, and in case any difficulty shall arise as to the true construction or meaning of any part of the revenue laws the decision of the Secretary of the Treasury shall be conclusive and binding upon all officers of the customs.

The importers contend that according to the foregoing statute the instructions of the Secretary of the Treasury as to the classification

for duty of the present merchandise were conclusive and binding upon the collector of customs, and should accordingly have been obeyed by him. They contend that the present assessment therefore was in clear violation of that duty and is consequently irregular and illegal, and should not in any event be sustained by the board or by this court.

It will readily be seen that this aspect of the case presents a somewhat unusual question, since plainly enough the present assessment violates the instructions of the secretary fixing 15 per cent of an article's surface as the minimum measure of plating required in order to constitute it a plated article under the provision in question.

We are of the opinion, however, as appears above, that the instructions thus issued by the department were erroneous, and that in effect they sought to engraft upon the statute a term or limitation which was not placed there by Congress. This of course the department had no authority to do. Morrill *v.* Jones (106 U. S., 466). And whatever might be the duty of a collector of customs under such circumstances by way of subordination to the Secretary under the provisions of the statute above copied it is nevertheless clear that the collector, and not the Secretary, is the real liquidating officer, and that an assessment of duty when actually made by the collector is binding upon the importers, and remains so until appealed from according to law.

Paragraph N of section 3, tariff act of 1913, reads in part as follows:

That the decision of the collector as to the rate and amount of duties chargeable upon imported merchandise, or upon merchandise on which duty shall have been assessed, including all dutiable costs and charges, and as to all fees and exactions of whatever character (except duties on tonnage), shall be final and conclusive against all persons interested therein, unless the owner, importer, consignee, or agent of such merchandise, or the person paying such fees, charges, and exactions other than duties, shall within thirty days after but not before such ascertainment and liquidation of duties * * * file a protest or protests in writing with the collector, setting forth therein distinctly and specifically, and in respect to each entry or payment, the reasons for his objections thereto, and if the merchandise is entered for consumption shall pay the full amount of the duties and charges ascertained to be due thereon.

It was accordingly held in the case of United States *v.* Leng (18 Fed., 15–19), concerning the Secretary of the Treasury:

Under his general powers he is not a liquidating officer, and though he may make rulings and give a construction to the tariff laws binding upon his subordinates (sec. 2652), he is not authorized to assess duties upon particular importations, because that duty is specially charged upon the collector (secs. 2621, 2930), and the statute makes the collector's decision final and conclusive upon the importer unless an appeal be duly taken.

Therefore in our opinion the assessment made in the present case by the collector possessed the full validity and authority which the statute attributes to such decisions notwithstanding the instructions of the Secretary, and that the only relief given by law to the importers

was the right of protest and appeal as in other cases. When the importers accepted this right and submitted their protest to the board it became the duty of the board as a judicial body to ascertain the facts and apply the law in the case, and it can hardly be contended that the Secretary's interpretation of the statute would be conclusive upon the board in the performance of this duty. To hold so would almost be equivalent to ousting the board from its statutory jurisdiction. In the proper exercise of that jurisdiction, therefore, the board rightly held that the collector's assessment was correct under the law and the facts of the case. Greeley v. Thompson (51 U. S., 225–234); United States v. Beebe (117 Fed., 670–680).

In this view of the case the importers can hardly be heard to complain of the collector's failure to obey the directions of the Secretary respecting the liquidations in question, since after all the importers are simply entitled to have their merchandise assessed at the rate of duty provided by law therefor, and that has been done in this case.

A situation somewhat analogous to the present one is disclosed in volume 24, Opinions of the Attorney General (pp. 34–36), the official syllabus of which is sufficient for the present purpose, reading in part as follows:

Where, notwithstanding the instruction of the Secretary of the Treasury that collectors of customs should delay final liquidation of duties on certain merchandise until further orders, duties were nevertheless liquidated and subsequently reliquidated, held, such original liquidation was complete and subsisting until changed by reliquidation.

In accordance with the foregoing views the decision of the board is *affirmed.*