VANDEGRIFT & CO. *v.* UNITED STATES (No. 2667)[1]

1. CURRENCY CONVERSION—SECTION 25, TARIFF ACT OF 1894.

The proclamation by the Secretary of the Treasury, pursuant to section 25, tariff act of 1894, of the value of foreign coin, governed the liquidation, whether or not such value agreed with that ascertained by the Federal Reserve Bank of New York.

[1] T. D. 41548.

2. RELIQUIDATION BY SECRETARY'S ORDER—EFFECT OF PROTEST.
    Reliquidation is the act of the collector, whether or not ordered by the Secretary of the Treasury. *United States* v. *Parkhurst & Co., et al.*, 12 Ct. Cust. Appls. 370. A protest against it raises no question as to the Secretary's right to order it.

## United States Court of Customs Appeals, April 17, 1926

APPEAL from Board of United States General Appraisers, Abstract 49857

[Affirmed.]

*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellants.
*Charles D. Lawrence*, Assistant Attorney General (*Marcus Higginbotham*, special attorney, of counsel), for the United States.

[Oral argument January 21, 1926, by Mr. Tompkins and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the Board of General Appraisers overruling two protests against the collector's reliquidation of several entries of merchandise imported from China.

It appears that such reliquidations were ordered by the Secretary of the Treasury under the provisions of section 25 of the Tariff Act of 1894, which it is conceded was in force at the time such reliquidations were made.

We quote said section:

SEC. 25. That the value of foreign coin as expressed in the money of account of the United States shall be that of the pure metal of such coin of standard value; and the values of the standard coins in circulation of the various nations of the world shall be estimated quarterly by the Director of the Mint, and be proclaimed by the Secretary of the Treasury immediately after the passage of this Act and thereafter quarterly on the first day of January, April, July, and October in each year. And the values so proclaimed shall be followed in estimating the value of all foreign merchandise exported to the United States during the quarter for which the value is proclaimed, and the date of the consular certification of any invoice shall, for the purposes of this section, be considered the date of exportation: *Provided*, That the Secretary of the Treasury may order the reliquidation of any entry at a different value, whenever satisfactory evidence shall be produced to him showing that the value in United States currency of the foreign money specified in the invoice was, at the date of certification, at least ten per centum more or less than the value proclaimed during the quarter in which the consular certification occurred.

In some instances the consular invoices accompanying the entries covered by these appeals stated the value of the merchandise in the currency of the United States and in others it was given in Chinese Mexican dollars.

In the instances where the currency of the consular invoice was in United States money, importers attached a written memorandum to the entry, stating in substance that, in order to ascertain the

market value of the importation, they converted the Chinese Mexican dollar into United States money and entered the merchandise at the value thus ascertained, leaving, as was said in some of these statements, "the conversion to the collector of customs as required by law."

The computations showing such conversions are in each such case made a part of the written statement.

At the trial before the board, importers' counsel stated their claim as follows:

These protests are directed against the action of the collector in liquidating these protests on the basis of the proclaimed rate. Our contention is that they should have been liquidated upon the basis of the actual exchange rate as shown by the official records which varied by more than the statutory amount prevailing at the period of exportation.

Importers then offered and there was received evidence which, for the purposes of this case, it may be admitted establishes that at the respective times these entries were made, the value of the Chinese Mexican dollar, as ascertained by the Federal Reserve Bank of New York, differed from the value thereof as proclaimed by the Secretary of the Treasury under section 25 and in effect at such times. The collector, however, in making the reliquidations, employed the proclaimed value.

Importers offered no other evidence.

In this court importers in substance renew their above contention but produce little argument and no authority in support thereof. We know of none. Section 25 being the law governing the reliquidations, so far as foreign currency values are concerned, the collector was bound to follow it. *United States* v. *Klingenberg*, 153 U. S. 93.

The only other claim made by the importers in this court is set out in their brief as follows:

Appellants' main contention as to the several invoices above-named, which were made out in United States currency, is that it was beyond the power and authority of the Secretary of the Treasury, under section 25 of the Tariff Act of 1894, to order reliquidation.

*The unit values of the total values of these invoices are in United States gold dollars and the authority granted to the Secretary of the Treasury by law was confined to comparing the value in United States currency with that "of the foreign money specified in the invoice."*

It will be especially noted that this claim only challenges the authority of the Secretary of the Treasury to order reliquidation and does not attack the reliquidations themselves. The only error claimed in the reliquidations as in fact made has already been disposed of.

We are of opinion that a protest against a reliquidation ordered by the Secretary of the Treasury raises no question as to the right of the Secretary to order it.

In *United States* v. *Parkhurst & Co. et al.,* 12 Ct. Cust. Appls. 370, Judge Smith, writing for the court said:

The Secretary of the Treasury has no power to liquidate or reliquidate entries of imported merchandise. That function is conferred by statute on the collector alone and if he declines to liquidate or reliquidate in accordance with the orders of the Secretary, the Secretary may secure a new collector, but the Secretary's idea of what the liquidations should be does not modify, vacate or become the substitute for the liquidations or reliquidations actually made by the collector on his own initiative. In other words the collector of customs is the liquidating officer, and whether he liquidates on order of the Secretary or without it, the liquidation is that of the collector, not that of the Secretary.—Section 2621, R. S.: United States v. Leng (18 Fed. 15, 19); United States v. Lucius Beebe & Sons (122 Fed. 762, 769, 770); Stone v. Whitridge, White & Co. (129 Fed. 33–36); Saji & Kariya Co. v. United States (9 Ct. Cust. Appls. 78–83; T. D. 37945); United States v. Godchaux Sugars, Inc. (11 Ct. Cust. Appls. 529–530, 531; T. D. 39678).

We find no error in the proceedings below and the judgment of the Board of General Appraisers is *affirmed*.