(C.D. 2783)

THE FLORN Co. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided October 11, 1966)

*Lane, Young & Fox* for the plaintiff.
*J. William Doolittle,* Acting Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: The merchandise involved in this protest consists of so-called perpetual calendars, which were classified by the collector of customs as household utensils, not specially provided for, plated with gold, pursuant to paragraph 339 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and assessed with duty at the rate of 50 per centum ad valorem.

It is plaintiff's contention that said merchandise should be dutiable as household utensils, not specially provided for, composed in chief value of brass, not plated with platinum, gold, or silver, at the rate of 12½ per centum ad valorem, pursuant to said paragraph 339, as modified, *supra,* plus the copper tax as assessed by the collector.

This protest has been submitted for decision upon a written stipulation of counsel for the respective parties hereto to the effect that: The merchandise, assessed as above and represented by the items marked "A" and initialed MMG, by Examiner Max M. Greenberg, on the invoice accompanying the entry covered by this protest consists of

perpetual calendars; said calendars are composed in chief value of brass; each calendar has a small brass screw ⅜ inch in length, which is plated with gold, the said screw having a 10/32-inch oval head, which is the only part of the screw that is visible as found in the calendar; no other portion of said calendar is plated with gold, or platinum or silver, that the said screw does not constitute a substantial portion of the surface of the said calendar, and is an insignificant and negligible portion of the said surface in the construction of the said articles; and the principle established in the case of *Cross Co. et al.* v. *United States*, 7 Ct. Cust. Appls. 43, T.D. 36308, is applicable to the calendars involved herein.

The record in the cited case has been incorporated herein.

Based upon the agreed statement of facts and the cited authority, we hold the merchandise here in question, identified by invoice items marked and initialed as aforesaid, to be dutiable as household utensils, not specially provided for, in chief value of brass, not plated with platinum, gold, or silver, under the provisions of paragraph 339 of the Tariff Act of 1930, as modified by said sixth protocol, at the rate of 12½ per centum ad valorem. The specified claim to the extent indicated is sustained. All other claims are, however, overruled.

Judgment will be entered accordingly.