ORDERED that plaintiff's motion for rehearing and amendment of judgment is hereby denied.

ASTA DESIGNS, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 82–4–00483

Before CARMAN, *Judge.*

*Memorandum Opinion and Order*

(Decided January 10, 1986)

Breneman, Georges, Hellwege & Yee (William D. Breneman, Esq., on the motion) for the plaintiff.

*Richard K. Willard,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division (*Veronica A. Perry,* on the motion), for the defendant.

CARMAN, *Judge:* The plaintiff, Asta Designs, Inc., has moved for summary judgment pursuant to Rule 56. Plaintiff asks the Court to find that its imported merchandise is properly classifiable under item 654.02 of the Tariff Schedules of the United States (TSUS), rather than under item 653.75 (TSUS). Because the case raises material issues of fact, the Court cannot say as a matter of law that plaintiff's merchandise is not classifiable under item 653.75 (TSUS). Plaintiff's motion is therefore denied.

### Background

Plaintiff imports enameled cooking and kitchen ware, constructed of steel and covered with enamel. The pots and lids of the cooking and kitchen ware in controversy[1] have gold-plated stainless steel rims. The United States Customs Service (Customs) classified these articles under item 653.75 (TSUS), which covers

---

[1] Plaintiff protested the classification of entry numbers 287978, 288063, 430024, 430119, 430235, 232397–5 (Court No. 82–4–00483), and number 80–269921 (Court No. 82–11–01582). The entries occurred in 1980 and 1981.

Articles not specially provided for of a type used for household, table, or kitchen use; toilet and sanitary wares; all the foregoing and parts thereof, of metal: * * *

Articles, wares and parts, of base metal, coated or plated with precious metal: * * *

Coated or plated with gold.

Plaintiff protested, arguing that the articles should instead be classified under item 654.02 (TSUS), which covers "[a]rticles not specially provided for, * * * of base metal: Enameled or glazed with vitreous glasses."

## *Opinion*

Plaintiff's position is that the articles should not be classified under item 653.75 (TSUS) because the gold-plated stainless steel rims are "separate and separable" from the articles and, without the rims, no part of the articles is "coated or plated with goal." Plaintiff also argues that, in any event, stainless steel is not a "base metal" as defined in Schedule 6 of the (TSUS).

Defendant counters that stainless steel is clearly within the definition of base metal and that the rims are an integral part of the articles. If plaintiff maintains otherwise, according to defendant, then these are questions of fact to be resolved at trial. Defendant points out that an additional question of fact is whether the gold-plated rims constitute a more then insignificant or negligible element of the articles.

A motion for summary judgment may be granted only when no material issues of fact exist. *See Golding Bros.* v. *United States,* 6 CIT 118, Slip Op. 83–89 (1983); *S.S. Kresge* v. *United States,* 77 Cust. Ct. 154, C.R.D. 76–6 (1976). This case involves factual disputes between the parties that are material to resolving the central issue. Although the TSUS contains a definition of base metal which appears to encompass stainless steel, the TSUS *is drafted in commer-cial,* not scientific terms. *C. J. Tower & Sons* v. *United States,* 41 CCPA 195, 199, C.A.D. 550 (1954). Whether stainless steel is a base metal in commercial terms appears to be a question of fact.

Another question of fact is whether the gold-plated rims are separate and separable from the articles classified, as plaintiff insists, or are an integral part of the articles, as defendant asserts. If the rims are an integral part of the articles, then a further question of fact exists as to whether the rims are an insignificant and negligible part of the articles. *See Saji & Kariya Co.* v. *United States* 9 Ct. Cust. Appls. 78, 80–81, T.D. 37945 (1919) (silver-plated rim was significant part of vase, placing it in classification of silver-plated articles, even though only 10 percent of the external surface was so plated).

Because this case presents questions of fact which must be resolved at trial, plaintiff's motion for summary judgment is denied.