## SEEBERGER *v.* FARWELL.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 1441. Argued March 30, 31, 1891.— Decided April 13, 1891.

Under Schedule K of § 2502 of the Revised Statutes, as enacted by § 6 of the act of March 3, 1883, c. 121, 22 Stat. 509, women's and children's dress goods, composed of wool and cotton, valued at less than 20 cents per square yard, and weighing less than 4 ounces to the square yard, the cotton being carded in with the wool from which the yarn composing the warp was spun, there being 94 per cent of wool and 6 per cent of cotton, the cotton being put in to secure a lower classification for duty, and an ordinary examiner not being able to detect the cotton without a careful examination, and there being no threads or yarns made wholly of cotton or other material than wool, are dutiable at 5 cents per square yard and 35 per cent ad valorem, and not at 9 cents per square yard and 40 per cent ad valorem.

THE case is stated in the opinion.

*Mr. Solicitor General* for plaintiff in error.

*Mr. Percy L. Shuman* for defendants in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is an action at law, brought in the Circuit Court of the United States for the Northern District of Illinois, in August, 1888, by John V. Farwell and others, copartners as John V. Farwell & Co., against Anthony F. Seeberger, collector of customs for the port and district of Chicago, to recover an alleged excess of duties, paid under protest, in that month, on a quantity of imported women's and children's dress goods, which were dutiable under the provision of Schedule K of section 2502 ·of the Revised Statutes, as enacted by section 6 of the act of March 3, 1883, c. 121, which provided for the following rates of duty on the following articles, after July 1, 1883, 22 Stat. 509: " Women's and children's dress goods, coat linings, Italian cloths, and goods of like description, composed in part of wool, worsted, the hair of the alpaca, goat or other animals, valued at not exceeding twenty cents per square yard, five cents per square yard, and in addition thereto, thirty-five per centum ad valorem ; valued at above twenty cents per square yard, seven cents per square yard, and forty per centum ad valorem ; if composed wholly of wool, worsted, ·the hair of the alpaca, goat or other animals, or of a mixture of them, nine cents per square yard and forty per centum ad valorem, but all such goods with selvedges, made wholly or in part of other materials, or with threads of other materials introduced for the purpose of changing the classification, shall be dutiable at nine cents per square yard and forty per centum ad valorem: *Provided*, That all such goods weighing over four ounces per square yard shall pay a duty of thirty-five cents per pound and forty per centum ad valorem."

The case was tried by the court without a jury. It found the issues for the plaintiffs, and assessed their damages at $3265.66; and a judgment was entered in their favor for that

amount, with $23.16 costs, to review which the defendant has brought a writ of error.

The opinion of the court is reported in 40 Fed. Rep. 529, and it made a special finding of facts, to the effect that the goods in question were composed of wool and cotton, were valued at less than 20 cents per square yard, and weighed less than 4 ounces to the square yard; that the defendant assessed a duty upon them of 9 cents per square yard and 40 per centum ad valorem; that the plaintiffs paid the duties under protest, for the purpose of obtaining possession of the goods, and in due time protested to the collector against the exaction, and seasonably appealed to the Secretary of the Treasury, who sustained the decision of the collector, and the suit was brought in due time; and that in the protest the plaintiffs claimed that the goods should have been assessed at a duty of 5 cents per square yard and 35 per centum ad valorem. The court also found that the goods were composed of wool and cotton, the cotton being carded in with the wool from which the yarn composing the warp of the goods was spun, there being about 6 per cent of cotton mixed with the wool, so that the goods were composed of about 94 per cent in quantity of wool and 6 per cent in quantity of cotton; that the cotton was mixed with the wool from which the yarn composing the warp of the goods was spun, for the purpose of securing the classification of the goods under the clause before quoted, so that they would be dutiable at 5 cents per square yard and 35 per centum ad valorem; that the ordinary examiner of the goods would not detect the cotton without careful examination; that the goods had no selvedges of different material from the body of them, and there were no threads or yarns made wholly of cotton or other material than wool; and that it cost slightly more to manufacture the goods with such mixture than it would to make them all of wool. The court, therefore, found that the goods were composed in part of wool and part of cotton, weighing less than 4 ounces to the square yard and valued at not exceeding 20 cents per square yard.

The court, in its opinion, said that the collector, in classifying the goods, evidently assumed that the purpose of mixing

the cotton with the wool was to secure a low classification, and assumed also that so small a quantity of cotton would not materially change the character of the goods, as merchandise, when offered for sale to consumers, and, therefore, looked upon the contention of the plaintiff for a lower classification as an attempt to defraud the revenue, and accordingly imposed the higher duty; that, Congress having made special provision for a lower rate of duty upon goods when composed in part of wool, without naming how much of other material should enter into their composition in order to secure such lower rate of duty, the court was of opinion that manufacturers and importers had the right to adjust themselves to the foregoing clause of the tariff, and to manufacture the goods with only a small percentage of cotton, for the purpose of making them dutiable at the lower rate; that, although the goods in question contained so small an amount of cotton that the ordinary dealer in them and the ordinary examiner would not detect the cotton without a close and careful examination, that did not change the legal right of the plaintiffs to bring their goods within the operation of the clause involved, by the admixture of even a small percentage of cotton, if they could do so; and that goods made of 94 per cent in bulk of wool and 6 per cent in bulk of cotton fairly came within the description of goods composed in part of wool.

We concur in this view, and the judgment is

*Affirmed.*

MR. JUSTICE GRAY and MR. JUSTICE BROWN dissented for the reasons stated in their opinion in *Magone* v. *Luckemeyer*, *post*, 614.