## MAGONE v. LUCKEMEYER.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
SOUTHERN DISTRICT OF NEW YORK.

No. 880.    Argued March 30, 31, 1891. — Decided April 13, 1891.

The case of *Seeberger* v. *Farwell*, *ante*, p. 608, affirmed and applied to goods
in which the percentage of cotton varied from 1.99 to 4.47.

THE case is stated in the opinion.

*Mr. Solicitor General* for plaintiff in error.

*Mr. Francis Lynde Stetson* for defendants in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This case involves the same question as that presented in
No. 1441, *Seeberger* v. *Farwell*, *ante*, p. 608, just decided.

It is an action brought by Edward Luckemeyer and others,
composing the firm of Luckemeyer, Schefer & Co., against
Daniel Magone, collector of customs of the port of New York,
in the Supreme Court of the State of New York, and removed
by the defendant into the Circuit Court of the United States
for the Southern District of New York, to recover an alleged
excess of duties, paid under protest in December, 1887, on like
goods with those involved in No. 1441. It was tried by a jury,
which found a verdict for the plaintiffs, on which they had a
judgment, including costs, for $291.33. The defendant sued
out a writ of error.

The percentage of cotton in the goods varied from 1.99 to
4.47. The cotton was introduced into the warp of the fabric
prior to the spinning process. The filling was entirely of wool.
The warp consisted of woollen and cotton fibres twisted to-
gether, but no separate, single, distinct, continuous thread of
cotton existed therein. The selvedges of the goods were
formed from the warp threads, drawn together in a dent, and
were composed of wool and cotton in the same combination

and extent as the warp. In appearance, texture, quality, and use, the goods were indistinguishable from women's dress goods composed wholly of wool, and the cotton in them could be discovered only by chemical analysis. The original purpose of introducing the cotton into the warp was to change the classification of the goods. A report of the case is found in 38 Fed. Rep. 30.

The defendant moved that a verdict be directed for him, on the ground that the selvedges of the goods were made wholly or in part of other materials than wool, introduced for the purpose of changing the classification; and on the further ground that threads of other materials were introduced into the goods for the purpose of changing the classification, the warp being a compound thread composed of wool and cotton; and on the further ground that the goods were substantially composed of wool, the cotton being an insignificant part of them and not sufficient to take them out of the class of dress goods composed wholly of wool, dutiable under Schedule K at nine cents per square yard and 40 per centum ad valorem. These several motions were denied by the court and the defendant excepted to each denial.

The court instructed the jury that a mixed-material thread, of which the principal part was wool, was not a thread of other material, within the meaning of the statute, to which instruction the defendant excepted. It submitted to the jury the question whether threads of other materials had been introduced for the purpose of changing the classification. It further instructed the jury to inquire whether there had been introduced into the goods threads of material other than wool or worsted, "that is, thread or threads of other material, not composition or compound thread composed of wool and other materials, but a thread standing by itself, of material other than wool." To this instruction the defendant excepted. It further instructed the jury that the plaintiffs were not prohibited from so manufacturing goods as to conform to a lower rather than a higher exaction of the tariff; and that though they might have adopted a very technical device to escape the higher rate, the question presented by the case was only

whether their goods were embraced within the higher rate, and not whether they had evaded the law. To this instruction the defendant excepted.

The defendant requested the court to charge the jury that, if they found that the selvedges of the goods were made wholly or in part of cotton, introduced for the purpose of changing the classification, there should be a verdict for the defendant. The court refused so to charge, and the defendant excepted. He further requested the court to charge, that if the jury found that the goods were women's dress goods substantially composed of wool, and known in trade and commerce as all-wool fabrics, the defendant was entitled to a verdict. The court refused so to charge, and the defendant excepted. He also requested the court to charge, that if the jury found that the quantity of cotton introduced into the goods was so insignificant as not to alter the character of the goods and remove them from the category of all-wool dress goods, as known in trade and commerce, the defendant was entitled to a verdict. The court refused so to charge, and the defendant excepted.

The views announced by us in deciding No. 1441 control the present case.

It is assigned for error, that the court sustained the objection to a question put by the defendant to a witness, as to whether the goods in question were bought and sold in this country as all-wool goods. The objection was made on the ground that the question was irrelevant. We think that the question was properly excluded.

*Judgment affirmed.*

MR. JUSTICE BROWN, with whom MR. JUSTICE GRAY concurred, dissenting.

MR. JUSTICE GRAY and myself are unable to concur in the opinion of the court in this case. The facts are substantially as follows: By the Tariff act of 1883 woollen dress goods were taxed as follows: If composed *in part* of wool, worsted, etc., and valued at not exceeding 20 cents per square yard, 5 cents

per yard and 35 per cent *ad valorem.* If composed *wholly* of wool, worsted, etc., or of a mixture of them, 9 cents per yard and 40 per cent *ad valorem.* But all such goods (1) with *selvedges* made wholly or in part of other materials, or (2) with *threads* of other materials introduced for the purpose of changing the classification, shall be dutiable at the higher rate of all-wool goods.

It was conceded that in appearance, texture, quality and use the goods in question were indistinguishable from women's dress goods composed wholly of wool, that the cotton in the goods could be discovered only by chemical analysis, and that the original purpose of introducing cotton in the warp was to change the classification. It is conceded that if threads entirely of cotton had been introduced into the goods for the purpose of changing the classification, they would be dutiable as all woollen goods; but in this case threads had been introduced composed partly of *cotton* and partly of *wool,* and the opinion of the court finds that these are not threads of "other materials," although the amount of cotton in the fabric is less than if these threads were entirely composed of cotton, and hence that they are dutiable as mixed goods. It would seem to follow from this that if they are not threads of "other materials" they must be threads of wool, which certainly would make them all woollen goods.

Assuming, however, that these introduced threads are half cotton and half wool, and that the amount of wool in the entire fabric is 96 per cent, the consequences are these: If the goods contain 92 per cent of wool, a thread wholly of cotton being introduced to change the classification, they are dutiable as all-wool goods; but if the fabric contains 96 per cent of wool, by reason of the introduced thread being composed partly of wool and partly of cotton, they are dutiable as mixed goods. It seems to us that no such conclusion should be possible, but that the intention of Congress was that no one should be permitted to evade the classification of all-wool goods by the introduction of an inappreciable amount of other material which should not as a matter of fact change its character as an all-wool fabric.

We think that the thread composed partly of wool and partly of cotton is a thread of " other materials" within the meaning of the act. Congress having enacted that duties on all-wool goods should not be evaded by the introduction of a cotton thread, we can hardly conceive it possible that they intended to permit an evasion by the introduction of a thread partly of wool and partly of cotton, making the fabric nearer an all-wool fabric than if the thread had been composed wholly of cotton.