SOL RAPHAEL *v.* UNITED STATES (No. 3915)[1]

[1] T. D. 48110.

254

United States Court of Customs and Patent Appeals, January 6, 1936

*Barnes, Richardson & Halstead* (*Samuel M. Richardson* of counsel) for appellant.
*Joseph R. Jackson*, Assistant Attorney General (*Charles D. Lawrence*, Special Assistant to the Attorney General, and *Daniel I. Auster*, special attorney, of counsel), for the United States.

[Oral argument December 3, 1935, by Mr. Richardson and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

The imported merchandise involved in this appeal consists of certain rugs composed of or containing cotton, jute and artificial silk, cotton being the component material of chief value. Twelve importations are involved, eleven of which were assessed with duty by the collector at 40 per centum ad valorem under the provision of paragraph 1022 of the Tariff Act of 1922 for "all other floor coverings not specially provided for." The other importation, covered by protest 559841–G, was assessed for duty at the same rate under paragraph 1117 of said act as "Wilton * * * rugs, and * * * rugs * * * of like character or description."

Appellant protested the said classifications and assessments of duty and claimed the merchandise to be properly dutiable at 35 per centum ad valorem under said paragraph 1022 as "rugs, made wholly of cotton, flax, hemp, or jute, or a mixture thereof." Other claims were made in the protests but are not pressed here.

The Second Division of the United States Customs Court overruled the protests and from its judgment, importer has here appealed.

Appellant's contentions in this court are chiefly confined to the third assignment of error which is as follows:

3. In failing to follow the decision of the Customs Court in Abstract 28199 (65 Treas. Dec. 1566) incorporated in the record by stipulation.

Appellant's sixth and seventh assignments of error are directed to the refusal of the trial court in not granting a rehearing. Appellant has also assigned error challenging the correctness of the trial court's holding that the merchandise was dutiable as classified by the collector.

This appeal, therefore, brings before us three questions to decide. Appellant's position in this court as to the two questions raised with respect to the trial court's failure to follow its prior decision and its refusal to grant a rehearing is stated in his brief as follows:

* * * This case presents a rather unusual situation. It was submitted on a stipulation of facts which by agreement incorporated the record in Abstract 28199 which thereafter became Suit No. 3831 in this Court, which was dismissed upon motion of the United States, the appellant therein. The decision in the incorporated abstract was based by the First Division of the Customs Court upon its decision in Abstract 24342 in which the facts were the same, and which decision referred to Abstracts 15689 and 20133 involving the same merchandise, in which the protests were also sustained. It is apparent, therefore, that the merchandise in all these abstract decisions is identical with the merchandise at bar. All these cases held the merchandise involved dutiable at 35% ad valorem under Par. 1022 of the Tariff Act of 1922. The anomalous situation therefore presents itself that protests on identical merchandise have been sustained in five distinct decisions of the Customs Court, the last decision, Abstract 28199, having been appealed to this Court, which appeal on the motion of the Government was dismissed.

It therefore appears that the Government has had five distinct opportunities to review the decision of the First Division holding this merchandise dutiable at 35% ad valorem under Par. 1022 and has not prosecuted appeals on any of them.

After the dismissal of the appeal above mentioned the remaining cases of appellant pending before the Customs Court were submitted and became the subject of the decision herein.

The Customs Court, Second Division, refused to follow the decision in the incorporated record, 28199, and without briefs on the question involved or argument assumed to make a contrary decision. This is assigned as error.

A motion for rehearing was duly filed in the trial court stating the facts above outlined and asking for an opportunity to present to the Court the arguments upon which classification is claimed under Par. 1022, which motion was denied without opinion. No opposition to this motion was made by the Government. This is also claimed to be error in this Court.

As to the third question, challenging the correctness of the court's holding that the merchandise was dutiable at 40 per centum as "all other floor coverings not specially provided for" under paragraph 1022 or as "Wilton * * * rugs, and * * * rugs * * * of like character or description" under paragraph 1117, rather than at 35 per centum under the second clause of paragraph 1022, appellant states, in substance, that by virtue of the fact that the case was submitted upon stipulation and that former rulings of other divisions of the trial court were relied upon by appellant to govern the classification of the merchandise, briefs were not filed with, and arguments were not heard by, the trial court in the instant case, and that in this

court it is "beyond the jurisdiction of this Court to pass upon the classification of the merchandise on appeal under this peculiar situation and we do not deem it necessary extensively to brief the same". Nevertheless, counsel states that if the petition for rehearing below had been granted, a real question would have been presented and that a real question is at issue here. On this phase of the case appellant argues as follows:

The language of the statute shows that the terminology used was intended to be segregated into two parts. It reads, "cotton, flax, hemp, *OR* jute, *OR* a mixture thereof". If, as is strongly intimated by the court below in its opinion, mixtures of the foregoing were to be considered in the same category as the component materials theretofore mentioned, it would have read "wholly of cotton, flax, hemp, jute, or a mixture thereof" eliminating the "*OR*" between hemp and jute.

The portion of Par. 1022 under which classification was held by the First Division we believe means exactly as if it had read: Rugs made of a mixture of cotton, flax, hemp, or jute. The words "made of" or "composed of" have repeatedly been held to include articles made either wholly or in chief value of the named materials (see *Gallagher* v. *Ascher*, 11 Ct. Cust. Appls. 453), and as it is plain from the stipulation and the record that the mixture of cotton and jute in these rugs is of chief value, it controls its classification.

The Government in reply to appellant's contention that the trial court should have followed its prior decisions of other divisions and regarded said decisions as *stare decisis*, contends that the decisions of one division of the lower court are not *stare decisis* in an issue before another division, and also makes the following contention:

In all of the abstract decisions cited above and relied upon by appellant as *stare decisis* of the question in controversy, the issue presented to the Court was whether rugs, like those in dispute were properly dutiable at 40 per centum ad valorem under paragraph 1117 of the Tariff Act of 1922 as "Wilton * * * rugs * * * and * * * rugs * * * of like character or description"; or were dutiable at 35 per centum ad valorem under paragraph 1022 of said Act as "* * * rugs, made wholly of cotton, flax, hemp, or jute, or a mixture thereof".

In none of the abstract decisions cited above does it appear that the Court gave any consideration to the presence of artificial silk in arriving at its conclusions. * * *

### Elsewhere in the brief for the Government is found the following:

Had Congress intended that the provision for rugs, etc., "made wholly of cotton, flax, hemp, or jute, or a mixture thereof" should include rugs made not only of the material specified but other materials as well, it would have used language appropriate to that end. However, the Court is not at liberty to supply the deficiency in order to place the construction upon the quoted portion of paragraph 1022 relied upon by appellant. It is perhaps significant to note that in the corresponding paragraph (1021) of the Tariff Act of 1930, it is provided that rugs, etc., "wholly *or in chief value* of flax, hemp, or jute, or a mixture thereof", shall be classified thereunder.

Had the words "or in chief value" been present in paragraph 1022 of the Tariff Act of 1922, an entirely different situation would have been presented.

Although there is no evidence to indicate what percentage of artificial silk was used in the fabrication of the rugs in controversy, it is fair to assume from the Collector's decision that he found a substantial amount of it present. Consequently, it would seem that he was legally justified in excluding the rugs from classification as rugs made *wholly* of the materials enumerated in the above quoted provision appearing in paragraph 1022, *supra*.

The Government relies upon the following cases for supporting authority on the merits of the controversy: *Seeberger* v. *Farwell*, 139 U. S. 608; *Magone* v. *Luckemeyer*, 139 U. S. 612.

, Although the term *res adjudicata* is mentioned in the Government's brief it is not contended by anyone that the prior decisions of the trial court are *res adjudicata* of the issue of the case at bar.

Notwithstanding the Government's contention that the issue in the instant case before the trial court was different from the issue presented in the prior decisions of the other divisions of the trial court, we are unable to see where there was any difference in the issues as presented. The stipulation in this case makes the record in Abstract 28199 a part of the record at bar. As is pointed out in the decision below, the stipulation in said Abstract 28199 is to the effect that the rugs in question are—

woven with a Jacquard attachment to the loom in the same way as Wilton Rugs, and that they are composed of cotton, jute, *and artificial silk*, cotton chief value. (Italics ours.)

In view of this fact, we are not at liberty to state that the trial court in the prior decision gave no consideration to the phrase "and artificial silk". As to whether or not this phase of the case, which is vigorously pressed here, was brought to the attention of that court in the trial of the former case, except in the above-quoted stipulation, we are not informed.

We are constrained to agree with the decision of the trial court here appealed from and are in accord with its view that when Congress enacted that portion of paragraph 1022 providing for "and rugs, made wholly of cotton, flax, hemp, or jute, or a mixture thereof", it did not intend to include therein a mixture containing a substantial portion of artificial silk, and that the instant merchandise cannot properly find classification under that provision.

While there is some slight analogy between the case at bar and the cases above cited which are relied upon by the Government, we do not think there is sufficient analogy to rely upon the same for supporting authority here. In *United States* v. *Linen Thread Co.*, 13 Ct. Cust. Appls. 359, T. D. 41257, this court said:

In statutes where Congress has provided for manufactures of a material and also manufactures in chief value of such material, in order to give effect to each provision, an exception to the general rule has been made, requiring, where the context demanded such exception, that language such as, "composed of," "manu-

factures of," "made of," and like expressions, should be interpreted as meaning "substantially wholly of such material." *Kenyon Co.* v. *United States*, 4 Ct. Cust. Appls. 344, T. D. 33529; *Steinhardt & Bro.* v. *United States;* 8 Ct. Cust. Appls. 372, T. D. 37629. Is there any reason for the application of the "exception" to the general rule in this case?

This language is directed to the phrase "*    *    * 'fabrics    *    *    * of flax, hemp, ramie, or other vegetable fiber    *    *    *". The statute now being construed not only provided for rugs "of cotton, flax, hemp [etc.]" but specifies that they must be *wholly* of cotton, etc.

We agree with the conclusion of the trial court which is expressed in the following apt language:

We fail, however, to see wherein the provision of said paragraph 1022 for carpets and rugs "made wholly of cotton, flax, hemp, or jute, or a mixture thereof" can possibly include any carpets or rugs composed in part of artificial silk, as said provision expressly names the components of which such carpets or rugs must wholly be made, and does not include artificial silk. As the provision provides in effect for rugs, etc., made wholly either of cotton, flax, hemp, or jute, the phrase "or a mixture thereof", which modifies the enumerated subject matter, can only mean a mixture wholly of two or more of the said enumerated component materials, and no others, and under no reasonable interpretation in our opinion, can it be said to mean rugs, etc., in chief value of any or all of said materials. We think this is only too obvious from the plain language of said provision, as otherwise the word "wholly" in said provision would in effect be nullified.    *    *    *

We know of no rule of law which requires that any division of the trial court is required to follow an erroneous decision of any other division of the trial court. Ordinarily, where a court has under consideration the same issues and the same facts as are present in its former decision, it will regard the decision of the issue in the former case as *stare decisis* of the issue then at bar and will follow the former case. If, however, the court is of opinion that its former decision which is urged as being *stare decisis* of the issue under consideration in a later case was erroneously decided, we can conceive of no reason why it should be required to follow the erroneous decision. It is clearly indicated in the decision of the trial court in the instant case that upon mature consideration of the effect to be given to the term "made wholly of cotton, flax, hemp, or jute, or a mixture thereof", that it could not include carpets or rugs composed in part of artificial silk, and that the court could not follow what it regarded to be the erroneous conclusions in the prior decision. We are of the opinion that there is no merit in appellant's assignment of error relating to the failure of the trial court to follow the prior decision of the Customs Court.

As to the third question raised by the assignments of error directed to the failure of the court to grant a rehearing, we are not prepared to hold that the trial court abused its discretion in its refusal to grant a rehearing. It is true that if the parties relied upon the issue being settled by the prior decision, and if it was merely intended to

stipulate such facts as would bring the case within the controlling authority of such decision and therefore bring about a quick disposal of the case, appellant did not have much opportunity to present his case to the trial court. When all these facts were presented by appellant in the petition for rehearing, and in view of the fact that the trial court departed from its former decisions, it might well have given appellant an opportunity to present and argue his case. The trial court must, however, have regarded the issue as being so clear that a rehearing could not have presented any consideration which would have brought about a different result, and in view of this consideration we are of the opinion that the trial court did not abuse its discretion in denying the rehearing.

As is above pointed out, one of the twelve importations here involved was assessed under paragraph 1117 as "Wilton * * * rugs, and * * * rugs * * * of like character or description", while the other eleven importations were assessed under the provision "all other floor coverings not specially provided for" in paragraph 1022. The collector's reason for making this distinction is not disclosed, and the correctness of the aforesaid classification in all twelve of the importations must be presumed to be correct as the issues are formed here. Appellant has not sustained his claim that the merchandise is properly dutiable under that provision of said paragraph 1022 for "rugs, made wholly of cotton, flax, hemp, or jute, or a mixture thereof".

The judgment of the United States Customs Court is *affirmed.*