

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00031-CR

**FRANCIS LEE BULLOCK,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 249th District Court
### Johnson County, Texas
### Trial Court No. DC-F201800013

## MEMORANDUM OPINION

In one issue, appellant, Francis Lee Bullock, challenges his convictions for three counts of aggravated sexual assault of a child younger than fourteen years of age, one count of indecency with a child by contact, and two counts of indecency with a child by exposure. *See* TEX. PENAL CODE ANN. §§ 21.11(d), 22.021(a)(2)(B) (West 2019). Specifically, Bullock contends that the trial court abused its discretion by excluding evidence of prior sexual conduct of the complaining witness, T.P. We affirm.

## I.    TEXAS RULE OF EVIDENCE 412

In his sole issue on appeal, Bullock argues that the trial court abused its discretion by excluding evidence of T.P.'s prior sexual conduct under Texas Rule of Evidence 412. *See* TEX. R. EVID. 412.  In particular, Bullock asserts that this evidence:  (1) showed T.P.'s motive to fabricate the accusation against him; (2) was constitutionally required to be admitted under the Confrontation Clause; and (3) was more probative than prejudicial. We disagree.

### A.    Standard of Review and Applicable Law

A trial court has considerable discretion in determining whether to admit or exclude evidence.  *See Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).  Absent an abuse of discretion, we will not disturb a trial court decision to admit or exclude evidence.  *See State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). Under this standard, we will uphold a trial court's evidentiary ruling so long as the ruling is reasonably supported by the record and is correct under any theory of law applicable to the case.  *Ramos v. State*, 245 S.W.3d 410, 418 (Tex. Crim. App. 2008).

Texas Rule of Evidence 412 is a "rape shield" law intended to shield a sexual-assault victim from the introduction of highly embarrassing, prejudicial, and irrelevant evidence of prior sexual behavior.  *Boyle v. State*, 820 S.W.2d 122, 147-48 (Tex. Crim. App. 1989) (en banc) (op. on reh'g), *overruled on other grounds by Gordon v. State*, 801 S.W.2d 899,

911 n.13 (Tex. Crim. App. 1990); *Allen v. State*, 700 S.W.2d 924, 929 (Tex. Crim. App. 1985) (en banc).

The admissibility of an alleged victim's past sexual behavior is subject to a two-part test: (1) the evidence must fall within one of the five enumerated circumstances in Rule 412(b)(2); and (2) its probative value must outweigh the danger of unfair prejudice. *Boyle*, 820 S.W.2d at 148; TEX. R. EVID. 412(b)(2)-(3). If the evidence of the victim's prior sexual behavior is not relevant, it is properly excluded. TEX. R. EVID. 402.

In addition to finding that the evidence falls within one of the five enumerated circumstances in Rule 412(b)(2), it must also be shown that the evidence is admissible pursuant to the balancing test required by Rule 412(b)(3). *See id.* at R. 412(b)(3). The function of the balancing test of Rule 412(b)(3), where the trial court balances the probative value against the danger of unfair prejudice, is generally consistent with that under Rule 403, although the tests differ in some respects. *See id.* at R. 403. Under Rule 403, the opponent of the admission of the evidence bears the burden of showing that the danger of unfair prejudice substantially outweighs the probative value of the evidence. *Id.* Under Rule 412(b)(3), the burden falls on the proponent of the evidence, in this case, Bullock, to show that the probative value of the evidence outweighs the unfair prejudice. *See id.* at R. 412(b)(3). The general balancing test under Rule 403 weighs in favor of the admissibility of evidence, whereas the balancing test under Rule 412(b)(3) weighs against

the admissibility of evidence. *See Boyle*, 820 S.W.2d at 148 n.9; *see also Robisheaux v. State*, 483 S.W.3d 205, 223-24 (Tex. App.—Austin 2016, pet. ref'd).

**B.** **Application of Rule 412**

In the instant case, Bullock contends that evidence of T.P.'s prior sexual conduct was admissible under Texas Rule of Evidence 412(b)(2)(C), which allows for the admission of a victim's sexual behavior that "relates to the motive or bias of the alleged victim," provided that the probative value of the evidence outweighs the danger of unfair prejudice. *See id.* at R. 412(b)(2)(C), (b)(3). In *Hale v. State*, the Fort Worth Court of Appeals addressed a similar contention—whether the offered evidence of the victim's past sexual conduct was probative of the victim's motive to lie. *See* 140 S.W.3d 381, 395-96 (Tex. App.—Fort Worth 2004, pet. ref'd). The *Hale* Court could not find any evidence in the record to support the victim's motive to lie. *Id.* (concluding there was no abuse of discretion in excluding evidence of past sexual behavior where there was "[n]o evidence in the record, or offered outside the jury's presence, suggest[ing] the boys were biased or motivated to lie about the assault.").

Like *Hale*, there is no evidence in this record indicating bias or a motivation on the part of T.P. to lie. At trial, T.P. testified that Bullock, T.P.'s grandfather, sexually abused her from age seven or eight until she was twelve years old. Based on T.P.'s stated birth year of 1985, the alleged instances of abuse occurred between 1992 or 1993 until 1997. T.P. first disclosed the sexual abuse to her parents in 2003, when she was eighteen years old.

T.P. and her mother confronted Bullock, but T.P. refused to press charges against Bullock because she feared she would lose her family, she did not want Bullock to go to jail, she feared her brother would get hurt, and because she was embarrassed by what had happened. T.P. resisted pressing charges even though Bullock sent her a vague apology letter. In any event, it was not until Bullock's wife, T.P.'s grandmother, requested pictures of T.P.'s children in 2017 that T.P. decided to press charges.

With that backdrop, Bullock attempted to introduce evidence of T.P.'s past sexual conduct. T.P. acknowledged that this conduct occurred when she was twelve years old and that she admitted the conduct to her parents when she was approximately twenty-seven years old. T.P. noted that she was embarrassed by the disclosure; however, she was never fearful or worried that she would get in trouble. There is nothing in the record indicating that criminal charges were brought or threatened against T.P. regarding the past sexual conduct. Furthermore, T.P. denied that the prior sexual conduct played any role in her decision to report Bullock.

Bullock's contention that T.P. fabricated the allegations against him to deflect any possible repercussions or embarrassment which might have occurred as a result of sexual conduct that occurred when T.P. was twelve years old is undermined by T.P.'s testimony that she was never fearful or worried about getting in trouble and that criminal charges have never been brought or threatened. Bullock's argument is further undermined by the fact that the charges were brought against Bullock in 2017, approximately five years

after T.P. admitted the prior sexual conduct to her parents. Any possible embarrassment about these past sexual acts surely dissipated over those five years and, thus, was not likely the motivation behind T.P. making the allegations against Bullock. Indeed, T.P. denied that her prior sexual conduct had any role in her decision to report Bullock. Further, "any possible repercussions which might have occurred had [T.P.'s] parents found out what she did [regarding the prior sexual conduct]" are minimized by the fact that T.P. disclosed the acts when she was twenty-seven years old. Besides innuendo, Bullock does not direct us to any evidence in the record indicating a bias or motivation to lie on the part of T.P. and, in particular, none that is in any way grounded on her prior sexual conduct.

Therefore, because the record does not indicate T.P.'s bias or a motivation to lie about the sexual abuse allegations made against Bullock, we conclude that the proffered evidence does not fall within one of the five enumerated circumstances of Rule 412(b)(2) and is irrelevant. *See id.*; *see also* TEX. R. EVID. 412(b)(2)(C). Furthermore, because there are no indications of T.P.'s bias or motivation to lie about the sexual abuse allegations made against Bullock, we find that whatever probative value the evidence has, if any, is not outweighed by the danger of unfair prejudice and, thus, does not overcome the presumption against admissibility. *See* TEX. R. EVID. 412(b)(3); *see also Boyle*, 820 S.W.2d at 148 n.9; *Robisheaux*, 483 S.W.3d at 223-24. Accordingly, we cannot say that the trial court abused its discretion by excluding the evidence of T.P.'s prior sexual conduct

pursuant to Rule 412.  *See* TEX. R. EVID. 412; *see also Ramos*, 245 S.W.3d at 418; *Montgomery*, 810 S.W.2d at 391.

## C.      The Confrontation Clause

Bullock also complains that by not allowing testimony regarding T.P.'s sexual history, the trial court violated his right to confrontation pursuant to the Sixth Amendment of the United States Constitution.  *See* U.S. CONST. amend. VI.

An appellate issue involving a proffer of evidence, as opposed to an objection, must still satisfy the preservation-of-error requirements.  *See Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) (stating that the purpose of requiring an objection is to give the trial court or opposing party an opportunity to correct error or remove the basis for the objection and reasoning that "[a]lthough this case involves a proffer of evidence rather than an objection, the same rationale applies").  To preserve error regarding the exclusion of evidence, a party must not only tell the judge that the evidence is admissible, but must also explain why it is admissible.  *Id.* at 177-79.  Moreover, the explanation given at trial must match the one urged on appeal.  *Id.* at 179.  For example, an explanation for admissibility based upon the Texas Rules of Evidence does not preserve a claim on appeal that admission of the evidence is required under the Confrontation Clause of the United States Constitution.  *Id.*

At the Rule 412 hearing, Bullock argued that evidence of T.P.'s prior sexual conduct is admissible under Rule 412 to show motive and bias.  However, Bullock did

not assert that admission of the evidence is required under the Confrontation Clause. In fact, Bullock did not invoke any constitutional provisions whatsoever at the Rule 412 hearing.[1] Accordingly, we cannot say that Bullock has preserved for appellate review his complaints regarding the Confrontation Clause. *See id.* at 177-79; *see also Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009) (concluding that a defendant's constitutional right to confrontation and to present a defense are subject to procedural default).

Nevertheless, even if Bullock had preserved his Confrontation Clause complaint, it lacks merit. The exclusion of a victim's sexual history has been held to not generally violate the defendant's confrontation and cross-examination rights. *See Allen*, 700 S.W.2d at 930. In *Allen*, the Court of Criminal Appeals noted that there have been numerous attacks on rape-shield laws as violative of the Sixth Amendment, but those attacks generally have been rejected. *See id.* Rape-shield laws are not intended to exclude "highly relevant evidence and violate the defendant's right of confrontation[.]" *Id.* at 931. Moreover, the United States Supreme Court has held that "the right to confront and to

---

[1] The closest Bullock got to invoking any constitutional rights during the Rule 412 hearing is when he argued:

> Judge, I would just say the last thing in closing is that the witness can say whatever she wants, but I'm entitled to put on a defense. I'm entitled to offer my theory. I believe The Court of Criminal Appeals backs up my theory. And I'm supposed to be given great latitude to offer testimony that may tend to cast shade on the motive or bias of this witness to lie.

Because Bullock did not clearly articulate any constitutional provisions supported admission of the evidence, the trial court never had the opportunity to rule on this rationale. *See, e.g., Lubojasky v. State*, No. 03-10-00780-CR, 2012 Tex. App. LEXIS 8760, at **15-16 (Tex. App.—Austin Oct. 19, 2012, pet. ref'd) (mem. op., not designated for publication).

cross-examine is not absolute and may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process." *Chambers v. Mississippi*, 410 U.S. 284, 295, 93 S. Ct. 1038, 35 L. Ed. 297 (1973) (citing *Mancusi v. Stubbs*, 408 U.S. 204, 92 S. Ct. 2308, 33 L. Ed. 293 (1972)); *see Allen*, 700 S.W.2d at 931. The right to cross-examine for the purpose of attacking the credibility of a witness is "not inviolate." *Allen*, 700 S.W.2d at 931 (citing *Alford v. United States*, 282 U.S. 687, 694, 51 S. Ct. 218, 75 L. Ed. 624 (1931)). The Sixth Amendment protects an accused's right to cross-examine a witness, but it does not prevent a trial court from limiting cross-examination on legitimate concerns such as harassment, prejudice, confusion of the issues, or to exclude evidence that is marginally relevant. *See Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S. Ct. 1431, 89 L. Ed. 674 (1986); *see also Carroll v. State*, 916 S.W.2d 494, 498 (Tex. Crim. App. 1996).

Based on our determination that the trial court did not abuse its discretion by refusing to admit the evidence pursuant to Rule 412, we do not find, and Bullock has not shown, that his right to confront T.P. about any biases or motives affecting her testimony was violated. *See Hammer v. State*, 296 S.W.3d 555, 562-63 (Tex. Crim. App. 2009) (noting that confrontation rights are violated only "if the state evidentiary rule would prohibit him from cross-examining a witness concerning possible motives, bias, and prejudice to the extent that he could not present a vital defensive theory"); *see also Robisheaux*, 483 S.W.3d at 225 ("As set out above, in general, if a ruling is proper under the Rules of Evidence, the ruling will not violate a defendant's confrontation rights."). In fact, Bullock

attacked T.P.'s credibility through his own testimony and that of his wife, Beth. Moreover, the record reflects Bullock's ability to successfully rebut some of T.P.'s testimony given that he was acquitted on two of the eight counts of sexual abuse alleged. We, therefore, overrule Bullock's sole issue on appeal.

## II.    CONCLUSION

We affirm the judgment of the trial court.


JOHN E. NEILL
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Neill
Affirmed
Opinion delivered and filed January 8, 2020
Do not publish
[CR25]

